MEMORANDUM *
Phillip Lamar Busby appeals the denial of his habeas petition. Because the underlying state court decision was not “contrary to, or ... an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,” 28 U.S.C. § 2254(d)(1), we affirm.
The state court reasonably found that California Jury Instruction 2.15 did not create a “reasonable likelihood” that the jury misunderstood the government’s burden of proof. Boyde v. California, 494 U.S. 370, 380, 110 S.Ct. 1190, 108 L.Ed.2d 316 (1990); see generally Gibson v. Ortiz, 387 F.3d 812 (9th Cir.2004). Any ambiguity in the instruction was clarified by other instructions given to the jury. See Estelle v. McGuire, 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).
Likewise, the state court reasonably determined that the application of California Jury Instruction 2.15 to Busby’s assault charges did not violate the Due Process Clause of the Fourteenth Amendment. Under the particular facts of Busby’s case, the state court reasonably determined that it was more likely than not that Busby’s possession of the cellular phone resulted from his participation in the assaults. See County Ct. of Ulster v. Allen, 442 U.S. 140, 163, 165, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.